UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:24-CR-00050-CHB-RSE

JUSTIN E. FREEMAN                                                                     DEFENDANT

**UNITED STATES' SENTENCING MEMORANDUM**

The United States files this sentencing memorandum for the sentencing of Justin E. Freeman currently scheduled for January 9, 2025 in Louisville, Kentucky.

**I.      FACTS**

On April 17, 2024, a one-count Indictment was filed in the Western District of Kentucky. Count one alleges on or about September 30, 2023, in the Western District of Kentucky, Jefferson County, Kentucky, Justin E. Freeman, knowingly aimed the beam of a laser at an aircraft and at the flight path of an aircraft, in the special aircraft jurisdiction of the United States. In violation of Title 18, United States Code, Section 39A.

On September 30, 2023, a pilot in command of the Louisville Metro Police Department (LMPD) Air Patrol Unit's Air 30 aircraft, along with a Tactical Flight Officer, aircraft cabin was illuminated by a green colored laser. The crew members stated that the laser caused disorientation, disrupted the travel of the aircraft, and forced the aircraft to change flight to avoid the laser. The FAA Air Traffic Control Sandiford-Louisville Tower was notified of the laser and the aircraft's current location. A crew member stated that he was continuously struck by the laser to his face and both eyes causing disorientation. He attempted to squint his eyes multiple times to block

the laser from shining through the aircraft door window and striking him in the face/eyes. However, the laser struck his face and eyes multiple times causing disorientation and a headache.

When the aircraft initiated a search to find the source of the laser, the laser continued to strike the aircraft, illuminating the cabin, and striking both crew members. A crew member used the aircraft camera system to locate the laser source and confirmed the source's address. MetroSafe Communications was notified of the defendant and a juvenile continuing to laser the aircraft. A crew member observed a third subject appear outside the house to speak with the defendant and the juvenile; shortly after the lasering stopped. LMPD patrol officers were notified and arrived at the defendant's home. The defendant admitted to officers that he pointed the laser at the aircraft. The defendant's mother indicated on body camera footage that she told Freeman not to shine the light at the aircraft. Freeman's mother also provided the laser Freeman used. The following is a photograph of the laser with the warning contained on the laser:



## II. GUIDELINE CALCULATION

By reference to United States Sentencing Guideline ("USSG") Section 2A5.2, with a base offense level is 30 for the single count of conviction. With acceptance of responsibility his offense level is 27. He is a criminal history category I. His guideline range is 70-87 months. The statutory maximum is 60 months therefore his guideline becomes 60 months. Section 2A5.2(a)(1) provides for an offense level of 30 if the offense involved intentionally endangering the safety of an aircraft.

In this instance, the pilots were blinded by the Freeman pointing the laser. The laser had a warning to avoid direct eye exposure with a red "Danger" indicated on the laser. The defendant's mother had warned him not to shine the laser at the helicopter and Freeman disregarded her.

## III. SENTENCING FACTORS UNDER 18 U.S.C. 3553(a).

Deterrence for individuals like Freeman and punishment for his behavior support that Freeman should receive a low-end guideline sentenced. He has pleaded guilty and accepted responsibility. This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). For the reasons that follow, the United States respectfully requests that the Court impose a low-end guideline sentence, protect the public, and afford deterrence to others like Freeman.

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . .
(5) any pertinent policy statement--. . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Imposition by the Court of a low-end guideline sentence would adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, protect the public from further crimes of the defendant, and provide Freeman with any needed correctional treatment.

### IV. CONCLUSION

The United States requests the Court impose a low-end guideline sentence.

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

By: */s/ Joshua D. Judd*
Joshua D. Judd
Assistant United States Attorneys
U.S. Attorney's Office
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
Telephone: (502) 582-5911

CERTIFICATE OF SERVICE

On December 30, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel for the Defendants.

*/s/ Joshua D. Judd*
Joshua D. Judd
Assistant United States Attorney